IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2219-BO

| | | |
|---|---|---|
| ANTONIO M. ORTIZ, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| KRISTIE STANBACK, | ) | |
|     Respondent. | ) | |

Antonio M. Ortiz ("petitioner") petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Kristie Stanback ("respondent") moved to dismiss the matter based on untimeliness and the filing of the petition outside the statute of limitations period [D.E. 12]. 28 U.S.C. § 2244(d)(1). Petitioner responded [D.E. 24] to the pending motion. Petitioner has also filed numerous other motions; a motion for appointment of counsel [D.E. 9], motion to amend [D.E. 10], motion for discovery [D.E. 17], and motion for recusal of the undersigned [D.E. 21]. All motions are ripe for determination.

I.    Background

Petitioner is a prisoner of the State of North Carolina. On October 26, 2000, in the Superior Court of Wake County, petitioner pled guilty to first-degree burglary, first-degree rape, first-degree sexual offense, second-degree kidnapping, and robbery with a dangerous weapon [D.E. 13, Ex 1 (respondent properly notes that petitioner's last name is listed as "Ortez," not "Ortiz" on the state-court Judgment and Commitment forms)]. He was sentenced to consecutive terms of 64 to 85 months' imprisonment, 240 to 297 months' imprisonment, 240 to 297 months' imprisonment, 24 to 38 months' imprisonment, and 64 to 86 months' imprisonment [Id.].

Petitioner was represented during the criminal proceedings by Seth Blum [Id.]. Petitioner did not appeal.

On January 20, 2011, petitioner filed a motion for appropriate relief (MAR) in the North Carolina Superior Court, Wake County [D.E.1, Pet. attached Doc. 1-1]. The MAR was denied on March 4, 2011 [D.E. 1, attach.]. On May 16, 2011, petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the Superior Court's order denying his MAR [D.E. 1, Id.]. On June 2, 2011, the North Carolina Court of Appeals denied petitioner's certiorari petition [D.E. 1, Id.]. On August 1, 2011, petitioner filed a petition for writ of certiorari and petition for discretionary review in the North Carolina Supreme Court seeking review of the North Carolina Court of Appeals' order denying his certiorari petition [D.E. 1, Id.]. On October 6, 2011, the North Carolina Supreme Court dismissed petitioner's certiorari petition and discretionary review petition [D.E. 1, Id.]. Petitioner dated his pro se federal habeas application form October 30.2011, and filed it in this court on November 14, 2011.

II. Issues

Petitioner raises four issues in this petition: (1) conviction based upon evidence obtained by fraud, duress, and undue influence in violation of his rights under the North Carolina and federal constitutions; (2) insufficient evidence to support his conviction; (3) conviction obtained in violation of procedures relating to guilty pleas in North Carolina Superior Court, as well as procedures relating to DNA databases and databanks, in violation of his rights under the North Carolina and federal constitutions; and (4) ineffective assistance of counsel, in that counsel failed to call alibi witnesses, failed to advise him of his right to appeal, and failed to advise him of his right to consult with his foreign consulate.

2

III. Discussion

   A. Recusal

To begin, the court considers the motion for recusal. "It is well established that the recusal inquiry must be 'made from the perspective of a reasonable observer who is *informed of all the surrounding facts and circumstances*.'" Chaney v. U.S. Dist. Court for Dist. of Columbia, 541 U.S. 913, 924 (2004) quoting Microsoft Corp. v. United States, 530 U.S. 1301, 1302 (2000) (REHNQUIST, C.J., respecting recusal) (emphases added). Nothing within the petition or subsequent filings illustrates a need for recusal and the motion is DENIED.

   B. Timeliness

Respondent argues that the petition should be dismissed as having been untimely presented to this court. Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application . . is removed . . . ;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

Id.

The limitations period may be tolled under section 2244(d)(1) during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from the initial filing until final disposition by the state courts. See Taylor, 186 F.3d at 561. However, where a petitioner seeks out-of-time (post-deadline) appellate review, tolling is not allowed for the entire post-deadline interim period but for the time in which the petition is filed and pending. See Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001); McKinnon v. Beck, No. 5:05-HC-225-H (E.D.N.C. March 15, 2006) (tolling is not allowed for the entire post-deadline interim period after a deadline has passed for filing an appeal); Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief (MAR) is not tolled from one-year period of limitation); but see Frasch v. Pequese, 414 F.3d 518 (4th Cir. 2005).

The statutory period began to run in this case on the date petitioner's judgment became final. Petitioner's judgment was entered on October 26, 2000. Petitioner then had fourteen days after entry of the judgment to file a notice of appeal with the clerk of the superior court. See N.C. R. App. P. 4. Because petitioner did not file a notice of appeal he is not entitled to the additional ninety (90) days to file a petition for a writ of certiorari in the United States Supreme Court. See Gonzalez v. Thaler, __ S.Ct. __, 2012 WL 43513. *10 (2012) (In Gonzalez, the Supreme Court clarified that, under § 2244(d)(1) (A), that ". . the judgment becomes final at the 'expiration of the time for seeking such review' — when the time for pursuing direct review in

4

th[e Supreme] Court, or in state court, expires."). Thus, petitioner's conviction became final on November 10, 2000, when his case became final for purposes of direct appellate review. Thereafter, petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) began to run, ran 365 days, and expired. Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief is not tolled from one-year period of limitation).

Because nothing was in place on that date (and in fact not until January 20, 2011, when he filed his first MAR) to toll the expiration of the limitations period, the petition is out of time. This pro se federal habeas application form was dated October 30, 2011, and is approximately ten years out of time.

Before finding the case time barred the court considers equitable tolling given petitioner argues he does not speak English. Under the AEDPA, the one-year statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010). Equitable tolling applies only if a petitioner shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (quotation omitted); see Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling under section 2244 in those "rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304 (quotations omitted). However, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Thus, unfamiliarity with the legal process, lack of representation, illiteracy, or inability to speak, write

5

and/or understand English does not constitute grounds for equitable tolling. See, e.g., Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) United States v. Sosa, 364 F.3d 507, 512 (4th Cir.2004); Harris, 209 F.3d at 330-31 (collecting cases); and Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.1999) (per curiam). Equitable tolling does not apply in this instance, and the petition is time barred.

IV. Certificate of Appealability

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

V. Conclusion

Accordingly, petitioner's motion to amend was ALLOWED and considered [D.E. 10]. The motion for recusal is DENIED [D.E. 21]. Respondent's motion for dismissal of the habeas

6

corpus petition as untimely is GRANTED and the matter is DISMISSED [D.E. 12]. All other pending motions are DENIED as MOOT [D.E. 9, 17]. The certificate of appealability is DENIED. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this 22 day of May 2012.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE